Judge Marshall

delivered the opinion of the Court.
The act of 1794, (Statute Law, 623,) authorizing an execution to issue on a replevin bond, expressly declares that it may issue at any time after the bond is due, without any limitation of the period within which it must issue, or any reference to the necessity of a scire facias to revive it, after a failure to sue out execution upon it, for any length of time. We are, therefore, of opinion that, the ancient principle which requires a judgment not proceeded on for a year after its date, to be revived by scire facias, before execution can issue upon it afterwards, does not apply to a replevy bond; and this construction is somewhat fortified by a consideration of the nineteenth section of the general execution law of 1828, (Statute Law, 645,) which, though applying expressly to the case of a failure to sue out execution on a replevy bond for twelve months after it becomes due, makes no reference *165 to the necessity of a scire facias in such case, and by this omission, as well as by the positive provision which it makes for effectuating the release of the security in the replevin bond, as a consequence of the delay in enforcing the bond, seems to imply that the Legislature did not contemplate a scire facias as a necessary proceeding in such a case.
If our statutes had, in general terms, given to replevin bonds the force and effect of judgments, or if they had merely authorized execution to issue on them if not paid at maturity, they would doubtless have fallen within the provisions of the ancient statute 13 Ed. 1, which requires a scire facias on judgments, recognizances &c. if execution be postponed beyond the year. But they are taken out of that statute, by the express authority, under the statute of 1794, to issue execution on them at any time after they become due; nor, indeed, are they placed upon the footing of judgments, or recognizances, in any other manner than by the effect of the very authority which is given without limitation.
It seems to us, therefore, that the Court erred in quashing the execution on the sole ground that more than a year had elapsed from the time the bond became due, and that no previous execution had issued thereon. The lapse of one year, or of eighteen months, does not now furnish a sufficient presumption of payment to authorize the quashal merely on the ground of that presumption.
Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the motion.